**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.**
Rodolfo GUZMAN CHAVARRIA;

    Plaintiff,

v.

Merrick GARLAND, United States Attorney General;
Tae D. JOHNSON, Acting Director, United States Immigration and Customs Enforcement;
John FABBRICATORE, Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement and Removal Operations;
Alejandro MAYORKAS, United States Secretary, Department of Homeland Security; and
The GEO Group.

    Defendants.

---

**PETITION FOR WRIT OF MANDAMUS**

---

The Plaintiff, Mr. Rodolfo Guzman Chavarria, by and through their undersigned counsel, hereby respectfully move this Court for a Writ of Mandamus and any other necessary relief. In support, Mr. Rodolfo Guzman Chavarria (hereinafter "Mr. Guzman Chavarria" or "Plaintiff") states the following:

## I. PARTIES

1. Mr. Guzman Chavarria is a native and citizen of Mexico.

2. Defendant Merrick Garland is the United States Attorney General.

3. Defendant Tae D. Johnson is the Acting Director of the United States Immigration and Customs Enforcement ("ICE").

4. Defendant John Fabbricatore is the Office Director of the Denver Field Office of U.S. Immigration and Customs Enforcement and Removal Operations.

5. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security ("DHS").

6. Defendant The GEO Group, Inc. is the contractor in charge of the Aurora United States Immigration and Customs Enforcement Detention Center.

## III. STATEMENT OF RELEVANT FACTS

7. Mr. Guzman Chavarria is a 46-year-old citizen of Mexico who was born in Mexico City, Mexico on June 30, 1974.

8. Mr. Guzman Chavarria is married and has three United States citizen children.

9. Mr. Guzman Chavarria filed an application for Cancellation of Removal under INA section 240A(b).

10. On March 23, 2018, the Immigration Judge ("IJ") issued a decision finding him removable as charged and denying his application for Cancellation of Removal under INA section 240A(b)(1) citing that Mr. Guzman Chavarria had departed the United States in excess of ninety days in 2008.[1]

11. Mr. Guzman Chavarria appealed the decision of the IJ to the Board of Immigration Appeals ("BIA") and on December 2, 2019, the BIA issued a decision affirming the decision of the IJ.

12. On October 11, 2020, five ICE officers at the Aurora GEO Group Detention Facility physically and violently forced Mr. Guzman Chavarria to sign and fingerprint his final order of removal.

13. There were approximately thirty other men who witnessed this happening.

14. On December 17, 2020, undersigned counsel submitted a Freedom of Information Act request to the Department of Homeland Security for all of Mr. Guzman Chavarria's medical documents as well as the video of his interaction with the ICE officers on October 11, 2020.

15. More than twenty days have passed since Mr. Guzman Chavarria filed is FOIA request and he has not received any response.

16. The delay in responding to Mr. Guzman Chavarria's FOIA request is not attributable to him.

17. Mr. Guzman Chavarria has been and will continue to be irreparably harmed because of the unreasonable delay of the Defendant's in providing the information requested under the

---

[1] INA section 240A(b)(1)(A) requires that applicants of Cancellation of Removal be physically present in the United States for a continuous period of no less than ten years immediately preceding the date of the application. INA section 240A(d)(2) states that the continuity of physical presence is broken by a departure that exceeds 90 days or for any period in the aggregate exceeding 180 days.

Freedom of Information Act because without a copy of his records and the recorded video his attorney cannot prepare his appeal adequately.

18. Mr. Guzman Chavarria has exhausted the applicable administrative remedies with respect to the FOIA request to DHS.

## VI. JURISDICTION AND VENUE

19. This action arises under the Freedom of Information Act, 5 U.S.C. Section 552(a)(4)(B), 5 U.S.C. Section 551 *et seq.*, the Immigration and Nationality Act ("INA" or "the Act"), 8 U.S.C. Section 1101 et seq., the Mandamus Act, 28 U.S.C. Section 1361 et seq., the Administrative Procedures Act, 5 U.S.C. Section 551 et seq., the federal question statute, 28 U.S.C. Section 1331, and the Due Process Clause of the United States Constitution, U.S. CONST., amend V.

20. Venue lies in the United States District Court for the District of Colorado, the judicial district where the defendants are charged with decision-making authority. 28 U.S.C. Section 1391(e), 8 U.S.C. Section 1447(b).

## V. ARGUMENT

### A. THE PLAINTIFF HAS A CLEAR RIGHT TO HAVE ACCESS TO HIS DHS RECORDS AND ANY VIDEO RECORD THAT EXISTS OF HIS REMOVAL

21. Defendants exceeded the legal response time of twenty days in 5 U.S.C. Section 552(a)(6)(A)(i) and failed to give written notice if a ten-day extension was needed in the "unusual circumstances" set forth in U.S.C. Section 552(a)(6) (B).

22. Defendant's action in withholding the requested information was arbitrary and capricious under 5 U.S.C. Section 551 *et seq.*, 5 U.S.C. Section 555(b), Sections 702, 704, and 706 of the Administrative Procedure Act.

23. 8 U.S.C Sections 1571(a), 1572 and 1573 all make clear Congress' intent to eliminate backlogs in immigration benefit processing.

24. Over 181 days have passed since the Plaintiff made his FOIA request to Defendants.

### B. THIS COURT HAS JURISDICTION TO DIRECT THE GOVERNMENT TO ACT.

25. The Freedom of Information Act, codified at U.S.C. Section 552 provides that Federal District Courts have "jurisdiction to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld."[2]

26. The Mandamus Act, codified at U.S.C. Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

---

[2] 5 U.S.C. Section 552(a)(4)(B)

27. This Court also has jurisdiction pursuant to 28 U.S.C. Section 1331 which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

28. The Administrative Procedures Act ("APA") provides jurisdiction when the government unreasonably delays action or fails to act. *See* 5 U.S.C. Sections 555(b) and 706(1).

29. Federal jurisdiction over a mandamus action alleging unreasonable agency delay is established if the plaintiffs can demonstrate the following: (1) their claim is clear and certain; (2) the duty to process their claim is non-discretionary; and (3) no other remedy is available. *See Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).

30. Applying those elements (1) the Plaintiff submitted a Freedom of Information Act request; (2) DHS has a duty to produce the evidence requested; and (3) no other remedy is available, and DHS has failed to show whether they are exercising due diligence in responding to the request or that exceptional circumstances exist for the delay.[3]

31. The Plaintiff has a clear and certain claim if he is within the "zone of interest" protected by the underlying statute. *Hernandez-Avalos v. I.N.S.*, 50 F.3d 842, 846 (10th Cir. 1995).

32. This Court may grant declaratory judgment pursuant to 28 U.S.C. Sections 2201, 2202 and Fed. R. Civ. P. 57.

33. There is no other adequate remedy for the Plaintiff at this time because it is unclear how long this delay in adjudicating his petition for permission to apply for readmission may possibly last. No administrative remedy exists, as a decision has not issued in the case.

---

[3] 5 U.S.C. Section 552(a)(6)(C)(iii)

34. If the Court finds that the Government's position in this case erroneous and without legal justification, pursuant to the Equal Access to Justice Act ("EAJA"), the Plaintiff seeks attorneys' fees and costs if he is found to be the prevailing party in this case. See 28 U.S.C. Section 2412(d) and 5 U.S.C Section 504 *et seq*.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

35. Find the Defendants exceeded the legal response time of twenty days in 5 U.S.C. (a)(6)(A)(i) and failed to give written notice if a ten-day extension was needed in the "unusual circumstances" set forth in 5 U.S.C. Section 552(a)(6)(B).

36. Find that the agency action in this case was "arbitrary and capricious" thus violating the Administrative Procedure Act.

37. Order Defendants to process Plaintiff's FOIA request forthwith.

38. Declare the Plaintiff the prevailing party and award him attorney's fees and costs pursuant to the EAJA, if the Court finds that the position of the United States in this case is not substantially justified.

39. Award any other relief that this Court deems reasonable and proper.

Dated this 25th day of June, 2021.

Respectfully Submitted,

/s/ Catherine A. Chan
Catherine A. Chan
Chan Law Firm
1900 Grant St., Suite 750
Denver, CO 80203
Phone: (303) 586-5555
Fax: (303) 586-5727
cchan@chanimmigration.com
*Attorney for Mr. Guzman Chavarria*

## CERTIFICATE OF SERVICE

COPY SENT VIA PREPAID U.S. CERTIFIED MAIL TO THE FOLLOWING ON June 25, 2021:

U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO 80202

        /s/ Catherine A. Chan
        Catherine A. Chan

        June 25, 2021